BUNYAN WHALEY V. THE STATE.

No. 14946.   Delivered February 24, 1932.

The opinion states the case.

*A. B. Crane,* of Raymondville, for. appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; penalty assessed at confinement in the penitentiary for five years.

In the indictment, there are two counts: the first charging rape by force; and the second charging rape upon a girl under the age of 18 years.   The second count alone was submitted to the jury.

There are many complaints by way of bills of exception to the procedure and the rulings of the court thereon.

The prosecutrix testified to rape by force. She specifically denied the consent. Whether she was under the age of 18 years was a controverted question. The state's testimony fixed the date of the offense as the first day of September, 1930.

It appears that on the 18th day of October, 1930, there was pending a complaint made by the prosecutrix, Nellie Wilcox, against the appellant, charging him with an *attempt* to rape. She testified upon the examining trial. Upon the present trial, she having testified in behalf of the state that the appellant raped her on the 30th of September, 1930, the appellant sought, on her cross-examination, to ask her if it was not a fact that on the hearing mentioned she testified that no one had ever had intercourse with her prior to the 18th day of October, 1930. The objection of state's counsel to the question was sustained. According to the bill of exception, the appellant expected her to reply that she filed against the appellant a complaint on the 8th day of October, 1930, charging him with an attempt to rape; that in the examining trial upon said complaint on the 18th day of October, 1930, she testified that prior to the date last mentioned no man had had intercourse with her. Apparently the purported evidence was admissiible, relevant and material. Appellant testified and denied the offense with which he was charged, and introduced many witnesses supporting his defense of alibi. The state relied almost exclusively upon the testimony of the prosecutrix. The evidence sought bore upon the credibility of the prosecutrix and tended to support the appellant's testimony denying the offense, as well as upon the controverted question as to whether the prosecutrix was under or above the age of 18 years at the time of the alleged offense for which the appellant was on trial. As shown by another bill, prosecutrix was finally required to answer the question mentioned in Bill No. 1, and replied, "I testified that I understood nobody but Bunyan Whaley." The reply was by the court, it is thought, improperly restricted to the subject of the credibility of the prosecutrix.

The subject of the environment of the prosecutrix was introduced by the state. She testified to the surroundings and the persons with whom she came in contact. The appellant was within his rights in insisting that he be permitted to introduce proof that the prosecutrix had other associates, some of them males who had opportunity for contact with her.

By several bills of exception there is complaint of the refusal of the court to permit the introduction of evidence showing the testimony of the prosecutrix at the examining trial on October 18, 1930, to the effect that up to that time no one had ever had intercourse with her. This proof was proffered by oral testimony and by the record of the examining trial. In excluding the evidence and holding it irrelevant and immaterial, the court was in error.

A like ruling was made with reference to the reproduction of the testimony of the prosecutrix before the grand jury. Her own testimony

and that of the members of the grand jury was to the effect that she testified there, giving considerable detail, that her grievance against the appellant was an attempt to rape, and that no one had had intercourse with her at the time. Her testimony was given many weeks after the date of the alleged offense as developed upon the trial of the case. This testimony should not have been excluded.

By a number of witnesses it was shown that the appellant desired to introduce testimony going to show that the father of the prosecutrix, with knowledge of the latter, had approached friends and relatives of the appellant with the view of abandoning the prosecution for a money consideration. This testimony was held irrelevant and immaterial by the learned trial judge. The father of the prosecutrix was a material witness for the state, and the evidence is deemed relevant and material as bearing upon the animus of the father as well as that of the prosecutrix.

The following in substance is the testimony of the prosecutrix touching the offense. The father of the prosecutrix was a widower, and she kept house for him. While her father was superintending some matters about his farm, the appellant, Bunyan Whaley, came in an automobile to the Wilcox house and requested water for his radiator. He grabbed the prosecutrix, threw her on the bed and threatened to kill her if she resisted. He had intercourse with her. She resisted and fought him. The assault occurred on the 1st of September, 1930, and she gave birth to a child on the 6th of June, 1931. She had never had intercourse with any other man. She fixed the date of the occurrence by the time that some cotton pickers were employed. There is much testimony pro and con, touching that date. After the intercourse, appellant told the prosecutrix that if she revealed it, he would kill her and her father. She had been keeping weights for the cotton pickers in the field. After the intercourse she returned to the field and told her father that she was sick and did not care to work. She revealed the fact to no one until February, 1931, when she told her father. She revealed it to an attorney after the baby was born. The same is true with reference to sheriff. She told no one during the spring of 1931 except her father. She said that she failed to disclose it to any one because she was ashamed to do so, and was also afraid that the appellant would kill her.

Because of the errors pointed out, we are constrained to conclude that the judgment should be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*