Lonnie Gwin WELLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 36313.

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

Rehearing Denied Feb. 5, 1964.

Mauzy & Mauzy, by D. B. Mauzy, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James I. Smith, Jr., and Bill White, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for aggravated assault; the punishment, thirty days in jail.

The prosecutrix testified that on February 2, 1963, she saw the appellant, an adult male, in her mother's restaurant, and after leaving the restaurant between 10:30 and 11:00 p. m. in her automobile she noticed the appellant following her in a truck. She stopped at a telephone booth to call a police officer and at this time the appellant drove up, came to the door of the booth, and told her she had to go with him. When the appellant would not let her out of the booth she promised to meet him later. Prosecutrix further testified that upon leaving the telephone booth she stopped for a traffic light and the appellant approached her car, opened the door, grabbed her, pushed her over with his leg, body and hands, and sat down on the seat, put his arm around her and started kissing her, at which time she was telling him to leave her alone and said, "Go on, let me go," and then the appellant left.

A police officer testified that he saw the appellant about a quarter to a third of a block behind the prosecutrix, in his truck, after the alleged incident.

The appellant testifying in his own behalf stated that he had stopped at a telephone booth upon seeing the prosecutrix therein to ask if she needed any help as the hour was late, but never assaulted her on the night in question in any manner.

The appellant's wife testified that she heard a conversation between the prosecutrix and the appellant over an extension telephone subsequent to the date of the offense charged, but the substance of such

conversation was rejected as being immaterial.

It is insisted that the trial court erred in excluding the testimony of appellant's wife of a conversation she heard over an extension telephone between the appellant and the prosecutrix about her reasons for filing the charges against him in this case.

In the absence of the jury, appellant adduced the testimony of his wife, which he sought to introduce before the jury but it was by the court excluded on the ground that it was immaterial, to which action of the court an exception was reserved.

The excluded testimony in substance was as follows: Prosecutrix told appellant that she did not want to file the charges but that her friend who was a policeman had told her to file the charges, that he had a grudge against the appellant and he thought he could make anybody do anything; and the policeman told her after she had filed the charges that she should not drop them or he would put her in jail; and that prosecutrix also told the appellant to meet her at a service station on the freeway and that she would tell him about what happened.

1 Branch's P.C.2d 192–193, Sec. 185, reads as follows:

"The motives which operate upon the mind of a witness when he testifies are never regarded as immaterial or collateral matters. The adverse party may prove declarations of a witness which tend to show bias, interest, prejudice, or any other mental state or status which, fairly construed, might tend to affect his credibility. (Numerous cases cited therein.)"

"The animus, motive, or ill-will of a prosecuting witness who testifies to facts hurtful to defendant is never a collateral or irrelevant inquiry, and the defendant may show by such witness, or by himself, or by others if necessary, why the witness became unfriendly with him. (Numerous cases cited therein.)"

See also: Burnaman v. State, 70 Tex.Cr.R. 361, 159 S.W. 244, 46 L.R.A.,N.S., 1001; Whaley v. State, 120 Tex.Cr.R. 517, 46 S.W. 2d 996.

This conviction rests solely upon the testimony of the prosecutrix and the officer. In excluding the testimony as above shown, the appellant was deprived of the right to prove facts which could show the motive of the prosecutrix, and the jury could properly weigh her testimony.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.